[Cite as *State v. Horton*, 2016-Ohio-8181.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| ROBERT D. HORTON, JR. | Case No. CT2015-0054 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No.  CR2015-0183


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      December 12, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                    RICHARD L. CROSBY III
PROSECUTING ATTORNEY            20 South Third Street
GERALD V. ANDERSON II              Suite 210
ASSISTANT PROSECUTOR            Columbus, Ohio  43215
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43702-0189

*Wise, J.*

{¶1}    Appellant Robert D. Horton, Jr. appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas on two counts of trafficking in cocaine following a plea of no contest.

{¶2}    Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}    This case carne about from an investigation by the Central Ohio Drug Enforcement ("CODE") Task Force using a confidential informant ("CI"). The intended target was Appellant, but due to the nature of the drug enterprise, the CI could not directly approach Appellant. The CI was friends with Appellant's father, Robert Horton, Sr., and approached him to introduce the CI to Appellant. While unintended, Horton, Sr. agreed to facilitate a drug buy between Appellant and the CI. Two separate drug buys were made, each for approximately 28 grams of cocaine.

{¶4}    Appellant conducted the first controlled buy through his father, Horton, Sr. During the second controlled buy, Horton, Sr. put the CI in direct contact with Appellant. The proceeds from both of these illegal transactions went to Appellant.

{¶5}    On June 3, 2015, Appellant, Robert Horton, Jr. was indicted on two counts of Trafficking in Cocaine, one with a Forfeiture specification, and both were first degree felonies.

{¶6}    On August 19, 2015, Appellant pled no contest to one count of Trafficking in Cocaine, amended to a third degree felony, and one count of Trafficking in Cocaine, a felony of the first degree.

**{¶7}** On October 5, 2015, the trial court sentenced Appellant to a mandatory term of ten (10) years on the first degree felony and two (2) years on the third degree felony, to be served concurrently, for an aggregate sentence of ten (10) years.

**{¶8}** Appellant now appeals, setting forth the following assignments of error:

## ASSIGNMENTS OF ERROR

**{¶9}** "I. THE SENTENCE IS DISPROPORTIONATE/INCONSITENT [SIC] CONTRARY TO R.C. 2929.11(B).

**{¶10}** "II. THE STATE ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS AS THIS COCAINE OFFENSE INVOLVING MIXED SUBSTANCES UNDER R.C. 2925.11(C)(4)(A) THROUGH (I) AS THEY FAILED TO ESTABLISH THE WEIGHT OF COCAINE MEETS THE STATUTORY THRESHOLD, EXCLUDING THE WEIGHT OF ANY FILLER MATERIALS USED IN THE MIXTURE."

### I.

**{¶11}** In his First Assignment of Error, Appellant argues his sentence is inconsistent with the sentence imposed on his co-defendant in this matter and therefore is in violation of the purposes and principles of R.C. 2929.11. We disagree.

**{¶12}** Revised Code §2929.11 states:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the

offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶13} Initially, we note, the maximum prison term appellant could have received was eleven (11) years on the first-degree felony and 36 months on the third degree felony. Also, there was a presumption in favor of a prison term.

{¶14} In sentencing Appellant, the trial court had before it the sentencing memoranda filed by the State and Appellant, a pre-sentence investigation report, statements made by Appellant, and arguments made at the sentencing hearing. The trial court also considered Appellant's criminal history which included that his first adult conviction occurred while he was on parole from a juvenile facility and an attempted escape conviction. The State's sentencing memorandum contained the following account:

His contact with the criminal justice system dates back far into his youth, with six separate convictions during the three years of contact he had in the juvenile justice system before he joined a small group of Muskingum County youthful offenders who was sentenced to imprisonment with the Ohio Department of Youth Services. It was during

this time of youthful felonious conduct, including felony offenses of assault and narcotics violations, that the Defendant honed his profession of narcotics distribution. Since obtaining the age of majority the Defendant has been charged with serious offenses involving felonious assault with a firearm, and convicted and sent to prison for possessing a weapon under disability and trafficking in narcotics. These cases pre-date the extremely serious charges in this case." (State's Sentencing Memorandum filed August 19, 2015, p. 4).

**{¶15}** We further disagree with Appellant's argument as to the disparity between his sentence and the sentence received by his co-defendant father. This Court addressed this issue in *Hickman,* stating:

Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences.

* * *

Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency. *State v.*

*Gorgakopoulos, supra.* The Ninth District Court of Appeals has stated: '[i]t is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision. The legislature did not intend to place such a burden on the trial court when it enacted 2929.11(B). The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. *See Griffin and Katz*, Ohio Felony Sentencing Law (2001), 59.' Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences. *Id.* Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of 'consistency,' two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment. Consequently, Appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing the appropriate court with evidence of other cases that show similarly situated offenders have received different sentences than did he. Thus, the only way for Appellant to demonstrate that his sentence was 'inconsistent,' that is, contrary to law within the meaning of R.C. 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. 2929.12, R.C.

2929.13 and R.C. 2929.14. These sections, along with R.C. 2929.11, create consistency in sentencing.

**{¶16}** In *State v. Hill (1994),* 70 Ohio St.3d 23, the defendant was convicted of complicity to trafficking in marijuana, and sentenced to one year in prison and further ordered to forfeit his apartment complex. His co-defendant received probation instead of a prison sentence. *Id.* at 29. On appeal, he argued that the trial court abused its discretion by giving him a harsher sentence than was given his co-defendant. *Id.* The Ohio Supreme Court observed: "[t]here is no question that on its face the sentence received by appellant, when compared to Newbauer's punishment, is disproportionate. Given the fact that Newbauer received probation, appellant's one-year prison sentence does appear to be harsh. However, as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits.

**{¶17}** In the case sub judice, as in *Hickman,* the trial court followed the sentencing scheme set forth in the statutory guidelines, and the sentence was within the statutory limits.

**{¶18}** Appellant's co-defendant's prior criminal record included domestic violence, menacing, criminal trespass and robbery convictions which occurred in the 1990's. Additionally, he had a number of traffic violations. He had no prior drug offenses, unlike Appellant. Further, as stated above, Appellant was the intended target of the CODE investigation.

**{¶19}** Upon review, we find Appellant's sentence was within the statutory guidelines and the trial court made the requisite findings.  We do not find the trial court abused its discretion in sentencing Appellant, nor was its sentence contrary to law.

**{¶20}**  Appellant's First Assignment of Error is overruled.

**II.**

**{¶21}**  In Appellant's Second Assignment of Error he argues that the trial court erred in convicting and sentencing him for enhanced-degree felonies. We disagree.

**{¶22}**  More specifically, Appellant herein asserts the State failed to present any evidence regarding the purity of the cocaine-containing substance at issue, and therefore there was no evidence of the weight of the actual cocaine. Appellant argues that he could therefore be convicted of, at most, fifth-degree felony trafficking in cocaine.

**{¶23}** Appellant cites the case of *State of Ohio v. Gonzales,* in support of his argument that the absence of quantitative testing regarding the purity of the substances sold or offered to be sold by a defendant requires that he be convicted of and sentenced to the lowest degree of the offense.

**{¶24}** The issue of whether the state, in prosecuting cocaine offenses involving mixed substances under R.C. § 2925.11(C)(4)(a) through (f), must prove that the weight of the cocaine meets the statutory threshold, excluding the weight of any filler materials used in the mixture, is currently before the Ohio Supreme Court on a certified conflict between the decision of the Sixth District in *State v. Gonzales,* 6th Dist. Wood No. WD–13–086, 2015–Ohio–461, and the decision of the Second District in *State v. Smith,* 2nd Dist. Greene No.2010–CA–36, 2011–Ohio–2658.

**{¶25}** This Court has previously ruled that in order to sustain a conviction for trafficking in cocaine, with the offense elevated from offer to sell a controlled substance based on the offered substance being cocaine and with a major drug offender specification based on weight of the drug compound, the State is required to prove the identity and a detectable amount of a controlled substance. We find that the legislature intended to prohibit the possession of any amount of a controlled substance, whether the substance occurs in its purest state or when mixed with or contained in another form. Therefore, the entire amount is included to determine the quantity involved and the penalty to be imposed.  *State v. Chandler,* 5th Dist. Stark No. 2003–CA–00342, 157 Ohio App.3d 672, 2004–Ohio–3436, 813 N.E.2d 65, *aff'd,* 109 Ohio St.3d 223, 2006–Ohio–2285, 846 N.E.2d 1234; *State v. Reese,* 5th Dist. Muskingum No. CT2015–0046, 2016–Ohio–1591; *State v. Newman*, 5th Dist. Muskingum No. CT2016-0002, 2016-Ohio-7498; *State v. James*, 5th Dist. Muskingum No. CT2015-0059, 2016-Ohio-7660.

**{¶26}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Baldwin, J., concur.

JWW/d 1130